UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-80197-Cr-Ryskamp/Hopkins

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| WON SOK LEE, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S EMERGENCY MOTION FOR
LEAVE TO CONDUCT POLYGRAPH EXAMINATION**

The United States of America, by and through its undersigned Assistant United States Attorneys, hereby opposes the defendant's motion and asks that the Court deny the motion for the reasons stated below.

**Introduction**

The defendant is currently incarcerated in connection with his guilty plea to a count of conspiracy to commit mail fraud and wire fraud, and a substantive count of wire fraud, all in violation of 18 U.S.C. §§ 371, 1343, respectively. He is serving a sentence of 25 years. The Court will recall that the defendant's advisory guideline range was determined to be a level 48 rendering an advisory range of "life" in prison; however, due to the plea agreement and the statutory maximums, (300 months), the guideline range was reduced to 300 months, a significant benefit

which the Court recognized. (See PSR, ¶¶ 43, 82).

The defendant's involvement in the massive hedge fund fraud perpetrated by himself, John Kim, and Yung Kim lasted from 2000 until his arrest in South Korea in February 2009. Although KL Financial was shut down by the Securities and Exchange Commission, "SEC", in or about February 2005, the defendant fled from the United States with KL investor funds hours before the collapse of the hedge fund, and absconded to South Korea. From February 2005 until his arrest and extradition from South Korea in or about April 2009, Won Lee enjoyed continuous access to stolen investor funds, and continued spending those monies with impunity while law enforcement was scouring the globe for him. Won Lee was caught in South Korea attempting to fly from Seoul to Buenos Aires, Argentina. As part of his plea agreement, the defendant agreed to waive appeal.

He now seeks leave of court to have a polygraph exam administered for the purpose of filing a § 2255 petition. The motion should be denied. Polygraph results in the context of a § 2255 petition here would be legally irrelevant. The proffered reason for conducting the polygraph is to demonstrate that the defendant was not lying about the location of fraud funds embezzled by him and transferred abroad. This basis is legally irrelevant; the PSR granted acceptance of responsibility to this defendant. The defendant was not penalized in the PSR with additional points for "obstruction." Therefore, to now attempt to demonstrate that the defendant never lied about what he did with the stolen investor funds would be legally irrelevant.

The defendant pled guilty to two felonies; the only challenge would be to the sentence imposed. A polygraph exam would be legally irrelevant to such a challenge and therefore preumably would be excludible as irrelevant under FRE 402. *See generally, United States v. Henderson*, 409 F.3d 1293 (11th Cir. 2002)(affirming exclusion of polygraph results on dual bases of non-compliance

with *Daubert* and relevance under FRE 402); *United States v. Gilliard*, 133 F.3d 809 (11th Cir. 1998)(affirming exclusion of polygraph results under both *Daubert* and FRE 403).

## CONCLUSION

For all of the foregoing reasons, the defendant's motion for leave of court to conduct a post-sentence polygraph should be denied.

                                    Respectfully submitted,

                                    WIFREDO A. FERRER
                                    UNITED STATES ATTORNEY

By:   *s/ Stephen Carlton*
            STEPHEN CARLTON
            ASSISTANT UNITED STATES ATTORNEY
            500 S. Australian Ave., Suite 400
            West Palm Beach, Florida 33401-6235
            Admin. No. A5500011
            Tel. (561) 820-8711 Ext. 3053
            E-mail: Stephen.Carlton@USDOJ.GOV

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on August 3, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

               s/ Stephen Carlton
               STEPHEN CARLTON
               Assistant United States Attorney

**SERVICE LIST**

**United States v. Won Lee,**
Case No. 06-80197-Cr-Ryskamp/Hopkins
United States District Court, Southern District of Florida

| | |
|---|---|
| Stephen Carlton | Susan Van Dusen |
| Assistant U.S. Attorney | Suite 315 |
| stephen.carlton@usdoj.gov | Coconut Grove Bank Bldg. |
| U.S. Attorney's Office | 2710 South Bayshore Drive |
| 500 S. Australian Ave, Suite 400 | Miami, FL 33133 |
| West Palm Beach, FL 33401 | svandusenlaw@aol.com |
| Telephone: (561) 820-8711 | [Service via CM/ECF] |
| Facsimile: (561) 659-4526 | |
| Attorney for United States | Scott A. Srebnick, P.A. |
| [Service via CM/ECF] | 201 South Biscayne Boulevard, #1380 |
| | Miami, FL 33131 |
| Edward Nucci | scott@srebnicklaw.com |
| Assistant U.S. Attorney | [Service via CM/ECF] |
| edward.nucci@usdoj.gov | |
| U.S. Attorney's Office | MARIA ELENA PÉREZ |
| 500 S. Australian Ave, Suite 400 | 145 Madeira, Suite 310 |
| West Palm Beach, FL 33401 | Coral Gables, Florida 33134 |
| Telephone: (561) 820-8711 | mari2much@aol.com |
| Attorney for United States | [Service via CM/ECF] |
| [Service via CM/ECF] | |